This matter comes before me on a motion to strike out the bill of complaint in the above matter and to deny the application for an ad interim restraint.
It appears that on October 2d 1937, the Forty Nine Thirty Three Hudson Boulevard Realty Corporation, was the owner of certain premises in the Township of North Bergen, Hudson County. On the day aforesaid it leased the property to the American Grocery Company, for the term of ten years, and the tenant took possession.
On December 31st, 1937, the Forty Nine Thirty Three Hudson Boulevard Realty Corporation gave a mortgage to secure a bond to The New Jersey Title Guarantee and Trust Company in the principal sum of $70,000.
On February 14th, 1939, the Commissioner of Banking and Insurance took over the Title Company and the bond and mortgage thereby came into his custody.
On August 29th, 1943, the said Forty Nine Thirty Three Hudson Boulevard Realty Corporation and its tenant, the American Grocery Company, agreed to terminate the lease *Page 164 
in writing and the tenant surrendered possession. In consideration of said agreement the lessees executed and delivered a series of sixty promissory notes, each in the sum of $400, payable to the 4933 Corporation. These notes were payable at intervals of one month. The first two were paid at maturity; to wit, on September 25th and October 25th, respectively. Before the next note matured the remaining 58 notes were transferred, some to Harry A. Smith and Daniel Berliner, and some to Daniel Gross.
On November 13th, 1940, a corporation known as the H.C. Realty Co. was formed, and on November 27th, 1940, the 4933 Corporation conveyed the mortgaged premises to the H.C. Realty Co. subject to the existing mortgage lien held by the Title Company.
During the month of December, 1940, the 4933 Corporation was dissolved under the provisions of R.S. 14:13-1 et seq., and thereafter the usual certificate of dissolution was issued by the Secretary of State and the same was duly published as required by the statute.
The mortgage in question was apparently in good standing until sometime in the year 1943 when it became in default. A bill to foreclose the mortgage was filed; the property was sold and the Title Company purchased the same at sheriff's sale. The sale was confirmed on September 27th, 1943.
On November 12th, 1943, the Title Company filed a notice oflis pendens reciting therein its intention to bring an action in the Supreme Court for the purpose of obtaining a deficiency judgment against the 4933 Corporation. No such action was begun and a discharge of the notice of lis pendens was filed on January 22d 1944.
The bill of complaint in this matter was filed on January 21st, 1944. It sets up two causes of action. The first cause of action alleges that the formation of the H.C. Realty Co., the conveyance of the premises to it, and the transfer of the notes to the above mentioned persons, and the dissolution of the 4933 Corporation constitute "an unlawful scheme and conspiracy devised by said corporation, its directors, officers and stockholders, to place the assets * * * out of the reach of complainant as its creditor and thereby to defraud *Page 165 
complainant." It also alleges that the defendants Berliner, Smith and Bluestein, as directors, were charged with the duty of applying the corporate assets to the payment of the corporate debts "including the debt due complainant, or otherwise making provision for the payment thereof before making distribution of its assets * * *," and that in making the distribution "without paying or otherwise making provision for the payment of the debt due to complainant, they became liable to complainant, jointly and severally, to satisfy the debt due to the extent of the moneys and assets of said corporation so distributed by them." The second cause of action recites the foregoing allegations and also sets forth that the defendants Berliner, Smith, Bluestein and Schwartz were stockholders of the 4933 Corporation. It further alleges that Bluestein and Schwartz were not the real parties in interest but were dummies of one Daniel Gross. The identity of Mr. Gross and his connection with the matter is not disclosed by the bill or answering affidavits. This second cause of action concludes that the above mentioned persons as stockholders were required to make some provision for the debt due complainant on its bond and mortgage and that inasmuch as they did not make such a provision they became jointly and severally liable to the complainant for the sums of money which they received in the distribution of the dissolved corporation.
It is further alleged that 20 notes remain unpaid. The bill prays for discovery of the various transactions, and for a decree that the transfer to the defendants was fraudulent; that the individual defendants be declared liable to the complainant to the extent of the amount of moneys which came into their hands; that a receiver be appointed; and that the defendants, Smith, Berliner and Gross, be ordered to surrender the notes held by them to such receiver and that they be enjoined from negotiating the notes and from disposing of any property of the corporation which might still be in their hands.
After the filing of the bill of complaint this court granted anad interim restraint against the collection and negotiation of the notes. It is claimed that the ad interim restraint does *Page 166 
not comply with Rule 212 of this court. I deem it unnecessary to consider this question for the reasons hereinafter stated.
The defendants move to strike out the bill of complaint and have filed answering affidavits in support thereof. These affidavits deny any fraudulent purpose. I am not convinced that the bill of complaint states a prima facie case of fraud. The bill goes no further than to charge that certain acts, not in themselves wrongful, were done in fraud of complainant. This is a mere conclusion of the pleader. See 1 Daniell, Pl. Pr. (6thAm. ed.) 324 note (a); Kuskin v. Guttman, 98 N.J. Eq. 617; affirmed, 99 N.J. Eq. 887. The alleged fraud claimed by complainant is not supported by the contents of the bill and affidavits. As pointed out in the Kuskin Case, arguments based on matters outside of the record will not be considered on such a motion.
The motion assigns eleven grounds for dismissal of the bill. I am of the opinion that one of these is dispositive of the matter.
The 4933 Corporation had a right to dissolve under the statute. Complainant contends, however, that in order to dissolve the corporation the directors were obliged to make provision for the payment of the contingent liability owing to the Title Company. Complainant says that because this was not done, it has a present cause of action against the directors and stockholders by virtue of R.S. 14:13-6 to the extent of the moneys and property of the 4933 Corporation which came into their hands upon the dissolution.
Complainant relies upon the following cases: Aetna Casualty,c., Co. v. International Re-Insurance Corp., 117 N.J. Eq. 190;Allen v. Distilling Company of America, 87 N.J. Eq. 531;affirmed, 89 N.J. Eq. 177; Beatty v. Paterson-Garfield-Lodi BusCo., 126 N.J. Eq. 472; Reinfeld v. Fidelity Union Trust Co.,123 N.J. Eq. 428; affirmed, 125 N.J. Eq. 347; Chorpenning v.Yellow Cab Co., 113 N.J. Eq. 389; affirmed, 115 N.J. Eq. 170,
and Keen v. Maple Shade Land and Improvement Co., 63 N.J. Eq. 321.
These cases set forth the rule that directors of corporations are charged with the duty of providing for the payment of *Page 167 
corporate debts upon dissolution. They are not dispositive of the issues here presented and are distinguishable from the facts in the pending case.
The term "debt," as used in the above stated rule, includes contingent claims and liabilities even though they may be remote. The obligation of those who dissolve a corporation cannot be said to require actual payment at the time of the dissolution of contingent unmatured liabilities. The obligation of the directors in dissolution, in respect to that class of debts, goes no further than to require the directors to refrain from distributing so much of the available corporate assets as may be required to satisfy such obligations as and when they mature.
The mere failure to provide for the future satisfaction of a contingent liability does not, ipso facto, create a cause of action in favor of the holder of such a contingent claim. The statute, R.S. 14:13-6, is intended to provide a creditor with the right to follow the distributed assets, but it presupposes a valid and enforceable debt which could have been enforced directly against the corporate debtor. In the Reinfeld Case, the holder of the bond and mortgage having extended the date to a subsequent grantee thereby released the original obligor and the contingent liability was at an end and no relief could be had against the director-trustees. In such a situation, the holder of the bond and mortgage has suffered no actionable wrong even though the dissolution was in violation of the above stated rule.
The law in this state must not be confused with the rules applicable in some other states by reason of a fiction whereby it is deemed that after dissolution a corporation is to be considered legally "dead." Where such a fiction prevails it has been held that the directors are personally liable for the improper dissolution since the fiction operates to prevent the enforcement of claims against the debtor which no longer exist. Our statute, however, expressly continues the corporate entity for the purpose of prosecuting and defending suits. R.S.14:13-4. It limits the liability of the directors to the amount of the corporate assets which shall come to their hands. R.S.14:13-6. *Page 168 
In Harris v. Esperanza Mining Co., 91 N.J. Eq. 163,
Vice-Chancellor Stevenson, in dealing with a somewhat analogous situation said:
"In order to establish and enforce any equitable liability of the defendants, or either of them, to the complainant to pay the amount of this alleged debt, the first subject-matter for investigation naturally must be whether any such debt exists."
An examination of the pleadings in the foreclosure suit, which are in evidence on this motion, reveals that the bill of complaint was filed on February 25th, 1943. The 4933 Corporation is not made a party thereto. None of the defendants named in the bill of complaint answered and a decree pro confesso was entered on April 19th, 1943. On May 10th, 1943, the complainant filed a petition which recited that it had inadvertently omitted to make the 4933 Corporation, as an obligor on the bond, a party defendant and thereupon an order was advised permitting an amendment to the bill of complaint to include the said corporation as a party defendant. After amending the bill, service was made on the registered agent of the said corporation and on July 21st, 1943, a decree pro confesso was entered against it. At the sheriff's sale the property was struck off to complainant for a nominal bid of $100. The clerk's file does not contain the order confirming sale but counsel concede that such an order was entered on September 27th, 1943.
It follows, therefore, that under R.S. 2:65-2, suit for the recovery of any deficiency against the corporation was required to have been commenced within three months from September 27th, 1943. The statute, last above mentioned, is applicable to actions in this court as well as at law. Wootton v. Pollock, 116 N.J. Eq. 490
(reversed on other grounds, 119 N.J. Eq. 128). As a result of complainant's failure to act within the statutory period it lost its cause of action against the corporation. The liability of the director-trustees is measured by the obligation of the corporation. If there is no enforceable obligation against the corporation, there is none against the directors or stockholders. Jones v. Barlow, 62 N.Y. 202. *Page 169 
In Schalucky v. Field, 124 Ill. 617; 16 N.E. Rep. 904, it was held that where the liability of a stockholder is primary and directly to the individual creditors, so that he may be sued as soon as the corporation can be sued, the same statute of limitation applies in an action to enforce a stockholder's liability as would apply in a suit to enforce the debt itself. Such was the situation in the pending suit. It has always been held that the director-trustees may defend any doubtful claim presented for payment out of a dissolved corporation's assets and that they may avail themselves of any defense which the corporation itself could make in an action brought by a creditor. See 14a C.J., Corp., § 3884; 37 C.J., Lim. of Actions, § 27.
The motion will be granted.