TRADEWINDS, INC., and JAMES J. URBAN, LOIS URBAN, KENNETH KOLASA and MARILYN KOLASA, Individually and as Trustees of Tradewinds, Inc., Plaintiffs

v.

CITIBANK, N.A., NBG PROPERTIES, INC., and IBG PROP-ERTIES, INC., Defendants

Civil No. 80-7

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 2, 1983

569

WILLIAM HELLER, ESQ., St. Thomas, V.I., *for plaintiffs*

JOSEPH BRUCE WM. ARELLANO, ESQ. (Law Offices of ROGER L. CAMPBELL), St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on motion of defendants-counterclaimants to set aside a distribution of corporate assets of plaintiff Tradewinds, Inc., and for other relief aimed at preserving assets which are potentially subject to a judgment in this litigation.

### I.

The counterclaimants have repeatedly urged that the liquidation of Tradewinds, Inc., pendente lite constituted a wrongful disposition of corporate assets in breach of certain statutory obligations to creditors. Accordingly, the counterclaimants sought to add the corporation's four liquidating trustees as real parties in interest in this matter under the terms of Rule 25(c). This request was granted by the Court's Memorandum and Order of January 11, 1983. In addition, counterclaimants have made several discovery requests pertaining to the personal assets of the four trustees. Such discovery (and the disposition of certain motions thereto) has been stayed pending the resolution of the present motion and a ruling on whether the corporate veil of Tradewinds, Inc., may be properly disregarded for purposes of this lawsuit.

### II.

The relevant uncontroverted facts in the matter of Tradewinds' liquidation can be stated as follows:

(1) On October 8, 1980, plaintiff Tradewinds, Inc., filed a plan of complete liquidation pursuant to section 337 of the Internal Revenue Code (26 U.S.C. § 337) ("Gains or loss on sales . . . in connection with certain liquidations");

(2) At the time of filing, Tradewinds, Inc., had pending against it the counterclaim of the defendants herein (who seek money damages) as well as the direct action of 54 individual plaintiffs in a Territorial Court action captioned Battiste v. Citibank, N.A., Civ. No. 505-80, filed May 29, 1980. Money damages are also sought in that action;

(3) According to the I.R.S. form 1120 filed by Tradewinds (as well as an affidavit of its accountant), the gross receipts from the sale of all corporate assets from October 8, 1980, to October 6, 1981, was $340,871.00;

(4) The total amount distributed to the shareholders from such proceeds was $74, 467.18;

(5) During the dates in question, the sole shareholders of Tradewinds, Inc., were James J. Urban and Kenneth Kolasa. Each shareholder owned a 50% interest in the corporation. The directors of the corporation were James J. Urban, Lois Urban, Kenneth Kolasa and Marilyn Kolasa. The directors now serve as liquidating trustees of the corporation, and in that capacity have been named in the present lawsuit;

(6) The record indicates that the trustees have failed to maintain a complete accounting of the receipts realized and distributions made during the liquidation. Other than the amounts actually distributed to the shareholders, there is no precise accounting for the approximately $340,000.00 in corporate proceeds;

(7) The trustees have admitted that they have permitted trust funds to be co-mingled with their personal assets;

(8) To date, Tradewinds, Inc., has not been formally dissolved pursuant to 13 V.I.C. §§ 283–286. The record indicates that on April 10, 1982, Tradewinds, Inc., filed its annual report for the fiscal year 1982 in accordance with 13 V.I.C. § 371 and § 373 and reported having the minimum amount of paid-in capital stock ($1,000.00). Notwithstanding its status as an extant corporate entity, as of this date, Tradewinds, Inc., has no employees, serves no corporate purpose, and retains insufficient assets to satisfy any potential judgment in this action.

### III.

As suggested in the January 11 Memorandum, and as is readily apparent from the above recitation, Tradewinds, Inc., is a corporation in name only. Although not formally designated as "dissolved" under the terms of the General Corporation Law, it must be treated as dissolved de facto. It is a well established principle that the determination of a corporate dissolution lies not in the formal status of the entity, but with its actual condition. Robar Development Corp. v. Minutello, 408 A.2d 851 (Pa. Super. 1979) (transfer of all of the corporation's assets amounts to de facto dissolution). See also, Stonybrook Tenants Association, Inc. v. Alpert, 194 F.Supp. 552, 559 (D. Conn. 1961). Indeed under the very liquidation proce-

dure chosen by Tradewinds, nothing short of a conveyance of the corporation's entire assets will entitle its shareholders to the tax advantages of § 337. Wier Long Leaf Lumber Co. v. Commissioner, 173 F.2d 549 (5th Cir. 1949).

■ There is ample evidence on the record before the Court to conclude that as of October 6, 1981, Tradewinds, Inc., was "dissolved" and its four directors transformed into "liquidating trustees" all within the meaning of 13 V.I.C. § 286. From that date forward then, the trustees were bound by all the obligations to corporate shareholders and creditors set forth in Title 13 of the Virgin Islands Code.[1] The question presented by the instant motion is whether the contingent debt owed the defendants by virtue of their counterclaim required the trustees to make provision for the future satisfaction of such an obligation, and if so, what form of relief can now be fashioned.

B.

■ ■ The duty to set aside assets for creditors upon corporate dissolution extends to contingent or unmatured claims "even though they may be remote." New Jersey Title Guarantee and Trust Co. v. Berliner, 40 A.2d 790, 793 (N.J. Ch. 1945). The misapplication of liquidated corporate assets prior to the time such contingent obligations mature will, as in the case of matured claims, subject the trustees to personal liability "by reason of [a] breach of their trust to a creditor . . . ." Heaney v. Riddle, 23 A.2d 456, 458 (Pa. 1942).

■ Plaintiffs contend that the potential liability of Tradewinds, Inc., in pending lawsuits does not constitute the type of claim which liquidating trustees must take into account. We disagree. The potential satisfaction of a judgment arising out of a lawsuit, the commencement of which was known to the trustees, is no different from any unmatured debt or executory obligation existing at the time of dissolution. Macneale v. Lalance and Grossjean Mfg. Co., 276 F. 491, 497 (6th Cir. 1921) (applying Ohio law). Moreover, where liquidating trustees are on notice of such claims, they are required under the terms of most corporation codes, including ours, to "refrain from distributing so much of the available corporate assets as may be required to satisfy such obligations as and when they mature." New Jersey Title Guarantee and Trust Co. v. Berliner, supra, 40 A.2d at

---

[1] While plaintiffs have sought to take advantage of the *protections* of 13 V.I.C. § 286 (i.e., limited liability of liquidating trustees) they have failed to acknowledge the *duties* therein (i.e., making adequate provision for corporate creditors).

793. The duty imposed upon liquidating trustees by 13 V.I.C. § 286(a) to pay the debts of the dissolved corporation "as far as such money and property shall enable them" requires them to make provision for all contingent claimants, including potential judgment creditors.

■ Having concluded that the trustees herein owed as statutory duty to those potential judgment creditors with claims pending against the corporation on October 6, 1981, there is sufficient evidence to support a finding that the duty was breached. By failing to notify such claimants of Tradewinds' de facto dissolution, the trustees precluded the orderly pro rata distribution of the remaining assets among all creditors contemplated by 13 V.I.C. § 286(a). Indeed, they have not adequately accounted for those amounts actually distributed or maintained a separate trust account. Most importantly, however, the trustees distributed proceeds among themselves as shareholders without first making any provision, as required by § 286(a), for the corporation's contingent debts.

## IV.

■■ The rule of liability in a case of misapplication of assets of a dissolved corporation is that the liquidating trustees are jointly and severally liable to corporate creditors for the value of the assets wrongfully distributed. 16A Fletcher, Cyclopedia of Corporations, § 8186 (1979). In addition, this Court is granted broad remedial powers to protect the rights of corporate creditors by virtue of 13 V.I.C. § 341 and § 344 ("Actions against officers, directors or stockholders"). See e.g., St. Croix Hotel Corp. v. Sabel, Civ. No. 82-139, 1982 St. X. Supp. (D.V.I. July 13, 1982).

■■ With respect to those monies actually distributed among the Tradewinds trustees in their capacity as shareholders ($74,-467.18), we will require, pursuant to 13 V.I.C. § 341(2), that all such sums be paid into a trust account. The cases hold that "no matter how legitimate the debt," where the directors of an insolvent corporation have "satisfied the corporate obligations held by themselves prior to other creditors, equity [will] erect a presumption that such officers have taken unfair advantage of their special position and knowledge to save themselves from being prejudiced." Robar Development Corp. v. Minutello, supra, 408 A.2d at 853. That presumption, in our view, cannot possibly be overcome in the present case. In addition, the four trustees will be required to establish and maintain the trust account, separate and apart from any personal accounts, into which all corporate proceeds subsequently determined to have

573

been misapplied shall be deposited. The trustees will also be temporarily enjoined from any further transfer of Tradewinds proceeds without prior approval of the Court.

■ With respect to other amounts distributed upon liquidation (totaling $268,803.82), the Court is unable, on the record now before it, to make a determination of which sums were or were not properly paid. Accordingly, the plaintiff-trustees will be required, in accordance with 13 V.I.C. § 341(1), to provide the Court with a full and complete accounting of the date, amount and nature of the disposition of corporate proceeds made to nonshareholders. Those distributions which were applied to discharge mortgage liens or other secured debts of the corporation will remain undisturbed. See, McHugh v. Ficor, Inc., 611 P.2d 578, 583 (Colo. Ct. App. 1979), aff'd, 638 P.2d 385 (Colo. 1982). However, under the circumstances presented, the Court is required to further scrutinize all the distributions to ascertain whether they were made to settle legitimate corporate debts, and whether they were made on a nonpreferential, ratable basis.

## V.

In light of a Court's ruling that the plaintiff trustees may not be protected by the corporate veil of Tradewinds, Inc., discovery pertaining to the personal assets of the trustees will be permitted. However, such discovery will be restricted to the distribution of the $340,871.00 realized upon the liquidation of the corporation.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendants for an order declaring certain distributions of the assets of Tradewinds, Inc., to have been in fraud of creditors be, and the same is GRANTED IN PART in accordance with the foregoing Memorandum;

IT IS FURTHER ORDERED that the motion of defendants to temporarily enjoin any further disposition of the proceeds of Tradewinds, Inc., without prior Court approval be and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that the motion of defendants for an accounting of distributed proceeds of Tradewinds, Inc., be, and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that the motion of defendants to stay the above captioned action be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that plaintiffs-counterdefendants James J. Urban, Lois Urban, Kenneth Kolasa and Marilyn Kolasa submit to the Court and to defendants a detailed accounting as described in the foregoing Memorandum no later than twenty (20) days from the date hereof;

IT IS FURTHER ORDERED that plaintiff-counterdefendants James J. Urban, Lois Urban, Kenneth Kolasa and Marilyn Kolasa establish a bank account for corporate trust proceeds to be designated as follows: "James J. Urban, Lois Urban, Kenneth Kolasa and Marilyn Kolasa as liquidating trustees for Tradewinds, Inc.";

IT IS FURTHER ORDERED that James J. Urban and Kenneth Kolasa pay, jointly or severally, the sum of $74,467.18 into said trust account;

IT IS FURTHER ORDERED that the plaintiff trustees be and they are hereby TEMPORARILY ENJOINED from any further disposition of proceeds realized upon the liquidation of Tradewinds, Inc., without prior approval of the Court; and

IT IS FURTHER ORDERED that the failure of plaintiffs-counterdefendants to comply with the terms of this Order may result in the appointment of a receiver pursuant to 13 V.I.C. § 287, or the dismissal in whole or in part of plaintiffs' complaint, or both.