244 N.J. Super. 298 (1990)
582 A.2d 315
STUART MAYNARD, PLAINTIFF-RESPONDENT,
v.
MINE HILL TOWNSHIP, TOWNSHIP OF MINE HILL POLICE DEPARTMENT, DEFENDANTS, AND CHARLES CANFIELD AND JEFFREY OSTER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 11, 1990.
Decided October 31, 1990.
*299 Before Judges KING, LONG and STERN.
Leonard & Butler, attorneys for appellants, Charles Canfield and Jeffrey Oster (John R. Scott, on the brief).
Karl A. Fenske, attorney for respondent, Stuart Maynard.
The opinion of the court was delivered by KING, P.J.A.D.
This issue here is whether a successful tort claimant, entitled to recover attorneys' fees under the federal "fee-shifting" statute, 42 U.S.C.A. § 1988, may recover prejudgment interest on the attorney fee award. See R. 4:42-11(b). We conclude that the plaintiff may not recover an award of prejudgment interest on attorneys' fees. We reverse.
On January 28, 1986 plaintiff sued the Township of Mine Hill and several police officers for injuries received during the course of an arrest on January 9, 1984. At trial on April 15, 1988 plaintiff recovered a damage award of $7,500 against two officers, Canfield and Oster, for use of "excessive force" during the arrest.
Plaintiff's claim for attorneys' fees at first was dismissed at the trial level. The trial judge concluded that plaintiff recovered on a state tort claim only and was not entitled to benefit of the federal fee-shifting statute. On appeal to this court, we disagreed and concluded in an unpublished opinion (A-4664-87T5) that plaintiff was entitled to attorneys' fees under federal law since his state law claim mirrored a 42 U.S.C.A. § 1988 claim. R. 4:42-9(a)(8). We reversed and remanded to the Law Division judge "to hear and determine plaintiff's application for an attorneys' fee pursuant to 42 U.S.C.A. § 1988 solely against defendants Canfield and Oster."
On remand the judge awarded $32,500 in attorneys' fees. Plaintiff then moved to compel payment of prejudgment interest both on the $7,500 tort recovery and on the $32,500 counsel fee award. He also asked for $650 additional legal fees on the *300 motion for prejudgment interest. The judge granted plaintiff's applications. Appellants, the police officers, paid prejudgment interest on the verdict of $7,500 without protest and appeal only the award of prejudgment interest on attorneys' fees, by our calculation a sum of about $8,000. Appellants also challenge the award of the $650 fee on the motion for prejudgment interest on the fee aspect.[1]
As noted, the officers only challenged the award of prejudgment interest on attorneys' fees. They did not challenge the amount of the fee, $32,500, or post-judgment interest thereon. Nor does the plaintiff cross-appeal and claim that the fee award was inadequate in any sense.
We conclude that an award of prejudgment interest on attorneys' fees was inappropriate and without legal or logical foundation under either the federal or state authorities. Our State rules do provide for prejudgment interest on tort damage awards. R. 4:42-11(b).[2] However, there is no provision in our State law for an award of attorneys' fees in State-grounded tort actions. See R. 4:42-9.
We find no federal authority to support plaintiff's contention that he is entitled to prejudgment interest on counsel fees. *301 Several cases hold that a prevailing civil rights plaintiff may recover postjudgment interest on attorneys' fees. See e.g., Gates v. Collier, 616 F.2d 1268, 1278-1279 (5th Cir.1980); Wells v. Hutchinson, 499 F. Supp. 174, 212 n. 54 (E.D.Texas 1980); Johnson v. Summer, 488 F. Supp. 83, 87 (N.D.Miss. 1980); Gaulin v. Commissioner of Public Welfare, 401 Mass. 1001, 1001, 515 N.E.2d 583, 584 (Mass. 1987); see also Institutionalized Juveniles v. Sec. of Pub. Welfare, 758 F.2d 897, 927 (3rd Cir.1985); R.W.T. v. Dalton, 712 F.2d 1225, 1234-1235 (8th Cir.1983), cert. den. 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); Vaughns v. Bd. of Ed. of Prince George's Cty., 627 F. Supp. 837, 838-839 (D.Md. 1985), aff'd 770 F.2d 1244 (4th Cir.1985). Delay in receipt of payment for services certainly may be considered in computing the basic award of attorneys' fees, Missouri v. Jenkins, 491 U.S. 274, ___, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229, 240 (1989), and may warrant an "upward adjustment of the fee" when set by the court after verdict. Brule v. Southworth, 552 F. Supp. 1157, 1168-1169 (D.R.I. 1982). But that point is not involved here as plaintiff does not challenge the basic fee award of $32,500 as inadequate, a sum which doubtless recognized the "delay in receipt" factor. Id. at 1169. Missouri v. Jenkins, 491 U.S. at ___, 109 S.Ct. at 2469, 105 L.Ed.2d at 240.
Plaintiff's reliance on Ass'n for Retarded Citizens of N.D. v. Olson, 713 F.2d 1384 (8th Cir.1983), is misplaced. There the court awarded interest of 14% on an unpaid interim award of attorneys' fees made by the court after it had issued an appealable order granting injunctive relief to plaintiffs. The defendant State of North Dakota had not complied with this valid order and the Eighth Circuit viewed this post-interim fee adjudication order for interest a "reasonable action to secure compliance with [the trial court's] orders...." Id. at 1396.
Two federal cases do discuss specifically the point of prejudgment interest on attorneys' fees. Both rejected the claim on federal grounds. In Wojtkowski v. Cade, 725 F.2d 127 (1st Cir.1984), plaintiff claimed prejudgment interest on both his *302 civil rights' tort damage award and attorneys' fees award. The court rejected plaintiff's claim for interest on the award for damages because plaintiff had not requested submission of the issue to the jury, as required by applicable federal law. The court said that "Wojtkowski's claim that he was entitled to prejudgment interest on the amount allowed by the court as an attorney's fee under section 1988 has even less force." Id. at 129. The First Circuit observed that "[s]ection 1988 does not refer to interest nor has our attention been drawn to any federal statute that calls for prejudgment interest in this particular context." Ibid. Nor did the court find any apposite federal case law for the principle. The court was "also unpersuaded by appellant's invocation" of Massachusetts law. The applicable state statute, as does our New Jersey rule, R. 4:42-11(b), permitted assessment of prejudgment interest on the amount of tort damages, but not on attorneys' fees. Mass. Gen.Laws Ch. 231, § 6B.
A like attempt was pressed unsuccessfully by plaintiffs' counsel in Americans United v. School District of Grand Rapids, 717 F. Supp. 488 (W.D.Mich. 1989). Prevailing plaintiffs in an Establishment Clause injunction action sought prejudgment interest under the authority of Michigan's general judgment interest statute  M.C.L.A. § 600.6013. Relying on Wojtkowski v. Cade, the federal district court denied relief as a matter of federal law, holding that the state's general judgment interest statute did not apply "where federal question jurisdiction is asserted." Id. at 499 n. 9. The District Court judge observed that the award of counsel fees was calculated originally so as to compensate for delay in payment, as the unassailed basic fee award in the case before us no doubt was. The federal judge concluded that "... to permit compensation for delay in payment and to award interest would doubly reimburse plaintiffs." Ibid.
Thus we find neither persuasive federal nor state support for plaintiff's contention. New Jersey law provides no *303 specific basis for prejudgment interest on legal fees, see R. 4:42-11(b). The claim for legal fees under 42 U.S.C.A. § 1988 is not a claim for damages in any sense rooted in the State tort action under R. 4:42-11(b). Moreover, our State tort claims act specifically prohibits prejudgment interest against government tortfeasors. N.J.S.A. 59:9-2(a) ("No interest shall accrue prior to the entry of judgment against a public entity or public employee"); Dorn v. Transport of New Jersey, 200 N.J. Super. 159, 164, 491 A.2d 1 (App.Div. 1984). Nor does prejudgment interest lie on a punitive damage award. Belinski v. Goodman, 139 N.J. Super. 351, 360, 354 A.2d 92 (App.Div. 1976).
An award of prejudgment interest on attorneys' fees would not advance the goal of our State rule allowing interest on tort awards. Such awards of prejudgment interest are compensatory, not punitive, and are aimed at making the injured plaintiff whole, at least in retrospect. Busik v. Levine, 63 N.J. 351, 358, 307 A.2d 571 (1973). But plaintiff's right to compel defendant to pay his attorneys' fees accrues only upon the jury's decision that he was a "prevailing party" under 42 U.S.C.A. § 1988. There is no obligation for a fee under the statute until verdict. His right to collect interest on the fees should not in logic or justice predate his right to collect those fees under the federal fee-shifting statute.
We reverse and remand with instruction to vacate so much of the award of interest on the judgment as represents prejudgment interest on the award of attorneys' fees. We also reverse that portion of the award of legal fees of $650 awarded to plaintiff for the postjudgment application for prejudgment interest appropriately ascribable, in the view of the Law Division judge, to the segment of the award we reject today.
NOTES
[1] Appellants' notice of appeal limits the issue thus: "Appeal is brought only as to that portion of order awarding prejudgment interest on attorney fee award and the award of counsel fees for the application."
[2] R. 4:42-11(b) states:

(b) Tort Actions. Except where provided by statute with respect to a public entity or employee, and except as otherwise provided by law, the court shall, in tort actions, including products liability actions, include in the judgment simple interest, calculated as hereafter provided, from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later, provided that in exceptional cases the court may suspend the running of such prejudgment interest. Prejudgment interest shall be calculated in the same amount and manner provided for by paragraph (a) of this rule except that for all periods prior to January 1, 1988 interest shall be calculated at 12% per annum. The contingent fee of an attorney shall not be computed on the interest so included in the judgment.