### H. PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGEMENT

■ Plaintiffs have cross moved for summary judgment in their favor. That motion must also be denied.

All of the foregoing discussion is premised on plaintiffs' ability to prove the allegations they have set forth. However, for plaintiffs to obtain judgment in their favor, they must establish those contentions by a preponderance of the evidence. That, of course, they have not yet done. They will be given an opportunity to do so—but do so they must, at trial. They are not entitled to relief by way of summary judgment.

663 A.2d 656

ERA ADVANTAGE REALTY, INC., PLAINTIFF, v. RIVER BEND DEVELOPMENT CO., INC., A/K/A RIVER BEND DEVELOPMENT CO., LARRY ERICKSON, T/A LARRY ERICKSON & ASSOCIATES, INC., AND LARRY ERICKSON, INDIVIDUALLY, MICHAEL MARCHESE AND FREDRICK NIEMANN, DEFENDANTS, v. GILDA PLFKER, CATHY CLEVELAND AND NATALIE BINDLER, THIRD PARTY DEFENDANTS.

Superior Court of New Jersey
Law Division (Civil)
Monmouth County

Decided June 22, 1994.

94

*Michael D. Schottland,* for plaintiff (*Schottland, Aaron & Manning* ).

*Lee W. Shelly,* for defendant River Bend.

*T. Daniel McCloskey,* for Intervenor.

O'HAGAN, J.S.C.

Following a bench trial involving the plaintiff, ERA Advantage Realty, (hereafter sometimes referred to as ERA) and the defendant, River Bend Development Corp., (hereafter sometimes referred to as River Bend), the court found in favor of the plaintiff, entering judgment against River Bend. Since the evidence established that the corporation had been dissolved, the court ruled that the individual shareholders were responsible to the plaintiff if the remaining assets of the defendant corporation were not sufficient to satisfy the judgment. The individual shareholder's liability was to be limited to their percentage of ownership of the stock of the corporation as reflected in the proceeds of the sale of the former corporate asset (real estate situated in Howell Township, New Jersey) to Millstone Charlton Builders. The sales proceeds were far in excess of the judgment entered in plaintiff's favor.

T. Daniel McCloskey, Esq., a shareholder of River Bend filed a post trial motion to intervene and, thereafter, to challenge the

ruling as it pertained to the liability of the individual shareholders. The intervenor, one of several attorneys at law owning stock in the defendant corporation, contended that the plaintiff was barred from making a claim against the shareholders by virtue of the provisions of *N.J.S.A.* 14A:12–13(1)(b) and 14A:12–15. The intervenor asserted, among other things, that ERA was required to institute a separate action to make its claim against the individual shareholders or, at the least, to amend its complaint to allege a cause of action against the shareholders in their individual capacities. The intervenor argued as well that principles of res judicata, equitable estoppel, and the entire controversy doctrine barred the plaintiff's recovery from the shareholders in their individual capacities. Finally, he contended that fundamental principles of due process precluded the plaintiff's recovery from the shareholders as the result of their non-participation in the underlying suit.

■ The court notes initially that the intervenor's application was not filed in a timely fashion, given the court's earlier direction. The court, however, grants the motion to intervene pursuant to *R.* 4:33–1, finding that the issues raised by the intervenor are substantial and require determination by the court. *See State v. Lanza,* 39 *N.J.* 595, 190 *A.*2d 374 (1963). Further, there is a well established preference in our system of jurisprudence to resolve issues on their merits. *Handelman v. Handelman,* 17 *N.J.* 1, 109 *A.*2d 797 (1954). This approach is most appropriate in a circumstance where relaxation of the rules causes no prejudice to the adversary on the merits of the case. *Diodato v. Camden Cty. Park Comm'n,* 136 *N.J.Super.* 324, 346 *A.*2d 100 (App.Div.1975). Finally, the rules are to be relaxed when the interests of justice require. *Id.; R.* 1:1–2.

■ The substantive basis of the intervenor's motion is denied. The court finds, in the circumstances of this case, that the individual shareholders are responsible to the plaintiff to the extent of their share of the proceeds of the sale of the real property to Millstone Charlton Builders. *N.J.S.A.* 14A:12–13; 14A:12–19.

A brief recitation of the facts pertinent to the controversy between the individual shareholders and the plaintiff corporation is appropriate. River Bend owned real estate situated in Howell Township, New Jersey. River Bend secured appropriate municipal approvals to allow development of a large warehouse project. The plaintiff, a real estate brokerage firm, was retained to sell the warehouse units. In that capacity, with the knowledge of the defendant corporation, the plaintiff showed the property to representatives of Millstone Charlton Builders. Although the representatives of Millstone Charlton Builders did not disclose the same to the plaintiffs, they were interested in purchasing the property. Thereafter, without notice to the plaintiff or any of its sales representatives, the property was sold to Millstone Charlton Builders. The contract of sale specifically provided that no real estate broker, agent or firm was in any way responsible for this transaction.

Subsequently, the plaintiff instituted suit and effected service upon the defendant corporation. Thereafter, but prior to the closing, the corporation was dissolved. The shareholders, in dissolution, received compensation from the sale in direct proportion to their ownership interest in River Bend. The court, at this stage, infers that no monies were retained to satisfy any potential judgment recovered by the plaintiff.

Neither prior nor subsequent to the dissolution were the plaintiffs given formal notice of same as provided by *N.J.S.A.* 14A:12–12. However, during discovery the plaintiff learned of the dissolution but did not amend its complaint to serve the individual shareholders.

The procedural history of the case, thereafter, took a winding course which ultimately resulted in the judgment in favor of the plaintiff. Along the way there were summary judgment motions granted in favor of the defendant corporation regarding various aspects of the plaintiff's claim.

First, the court will address the intervenor's arguments concerning the entry of judgment without the direct participation of

himself or other shareholders at the trial. The court notes initially that any liability of the shareholders arises solely as a consequence of the corporate dissolution and the subsequent sale of the real estate. Had there been no dissolution, the shareholders would have no personal liability. *Dorn v. Transport of N.J.,* 200 *N.J.Super.* 159, 164–65, 491 *A.*2d 1 (App.Div.1984). Rather, the plaintiff would have been limited to collection on its judgment from the defendant corporation. *Shapiro v. Solomon,* 42 *N.J.Super.* 377, 383, 126 *A.*2d 654 (App.Div.1956). In that sense, the obligation of the individual shareholders arises solely as a result of their succession to the corporation's assets from the sale of the real estate. *See N.J.S.A.* 4:12–13(1)(b); *Dorn v. Transport of N.J., supra,* 200 *N.J.Super.* at 164–65, 491 *A.*2d 1. Their obligation to the plaintiff may, therefore, be considered derivative in nature. *Dorn v. Transport of N.J., supra,* 200 *N.J.Super.* at 164–65, 491 *A.*2d 1 (corporation is separate entity from shareholders and insulates them from liability for corporate obligations).

As noted above, the intervenor argues that ERA can only lawfully collect against the shareholders personally if a separate action had been instituted against the shareholders when plaintiff learned of the dissolution or, in the alternative, if plaintiff's complaint was amended to allege such claim. He contends that *N.J.S.A.* 14A:12–15, read *in pari materia* with *N.J.S.A.* 14A:12–13, compels such action. Since the plaintiff failed to institute a separate action or to amend its complaint, he maintains that ERA is barred from recovery against the plaintiff.

■ The court concludes, however, that the plaintiff is not required to institute a new action nor to amend its pleading to join the shareholders. Rather, ERA has completely satisfied its obligations by pursuing its complaint against River Bend, bearing in mind that the intervenor and other shareholders were provided notice of plaintiff's intention to satisfy its judgment from the shareholders' proportionate share of the proceeds of the real estate. The court finds that the shareholders, and not the plaintiff, did not comply with the requirements of law.

To resolve the issues raised by the intervenor, analysis must start with *N.J.S.A.* 14A:12–9. Based on reasons of logic and fairness, the Legislature provided that if litigation were commenced against the corporate entity prior to dissolution, such litigation would not "abate by reason of such dissolution." *N.J.S.A.* 14A:12–9(2)(f). Thus, the shareholders, at the very least, should have been on notice that plaintiff had the lawful right to continue its action against River Bend. Moreover, the Legislature required that a corporation in dissolution must satisfy and discharge its debts and other liabilities before it may be lawfully dissolved. *N.J.S.A.* 14A:12–9(1)(c). In light of such statutory provisions, the shareholders, having succeeded to the assets of the corporation, were obliged to treat the proceeds of the sale of the real estate as a trust fund, to the extent necessary to satisfy plaintiff's claim, pending the outcome of the litigation. *Kiernan v. Kahn Davis, Inc.,* 132 *N.J.Eq.* 245, 247, 28 *A.*2d 66 (Ch.1942); *Matawan Bank v. Matawan Co.,* 2 *N.J.* 116, 65 *A.*2d 729 (1949). Such funds were to be segregated from the shareholders' general fund and kept inviolate for so long as necessary. *New Jersey Title Guarantee & Trust v. Berliner,* 136 *N.J.Eq.* 162, 167, 40 *A.*2d 790 (Ch.1945). In the circumstances of this case there was absolutely no authority for the shareholders to appropriate the monies in question as their own. To that end, *N.J.S.A.* 14A:12–16 entitled "Dissolution to Shareholders" provides in pertinent part:

> *Any assets remaining after payment of or provision for claims against the corporation shall* be distributed among the shareholders according to their respective rights and interests. (Emphasis added).

*See De Stefano v. American Chocolate Almond Co.,* 107 *N.J.Eq.* 156, 152 *A.* 2 (Ch.1930) (officers and directors have duty not to prefer themselves over creditors). It is of absolutely no significance that the intervenor and other shareholders concluded plaintiff did not have a worthy claim. *New Jersey Title Guarantee & Trust Co. v. Berliner, supra,* 136 *N.J.Eq.* at 167, 40 *A.*2d 790. Certainly that judgment was not theirs to make. *Id.* Nor can they take any comfort or solace in the fact that summary judgment had been earlier granted in their favor as to certain issues

involved in the dispute with plaintiff. Until the plaintiff's suit was finally resolved, the shareholders were required to maintain in trust the monies necessary to completely satisfy the plaintiff's claim. *Id.*

It makes no difference that ERA's claim was not capable of precise calculation at the time of the dissolution. Rather, despite the fact that plaintiff's claim was not liquid, appropriate provisions were required so as to completely satisfy plaintiff's claim. *N.J.S.A.* 14A:12-9(2)(f); *New Jersey Title Guarantee & Trust Co. v. Berliner, supra,* 136 *N.J.Eq.* at 167, 40 *A.*2d 790.

■ The Legislature, in enacting the statute, provided guidance in circumstances where the dissolving corporation had not been sued, but yet was aware of potential claims by creditors. *See N.J.S.A.* 14A:12-9 to 12-19. In that situation, the corporation is obliged to provide notice to potential creditors of its dissolution. *N.J.S.A.* 14A:12-12(1). Having received such notice, the creditor who fails to bring suit within a prescribed time period is thereafter barred from asserting his claim against the shareholders in their personal capacities except in certain limited circumstances. *N.J.S.A.* 14A:12-13. Clearly, the Legislature sought to bring orderly process to the dissolution of a corporation, requiring that each side deal fairly with the other. The parties must not sleep on their rights. Notice of both the dissolution and of claims of creditors must be timely brought. *See N.J.S.A.* 14A:12-12 and 12-13. Except where good cause is shown, should the creditor fail to prosecute his claim, he may not be heard to complain when shareholders ignorant of such claim succeed to the rights of the dissolved corporation. *N.J.S.A.* 14A:12-13(1). However, notwithstanding the intervenor's reliance upon these provisions in the statute, they are completely inapplicable to the facts of this case.

Here, significantly, suit had been started by ERA prior to dissolution of the corporation. *N.J.S.A.* 14A:12-9(2)(f). Indeed, the corporation never provided formal notice of its dissolution. *N.J.S.A.* 14A:12-12(1). Since the individual shareholders knew, or should have known, of the pendency of ERA's lawsuit against

River Bend, there was no need or obligation on the part of ERA to either amend its complaint or commence a separate law suit. *See N.J.S.A.* 14A:12–13; *New Jersey Title Guarantee & Trust Co. v. Berliner, supra,* 136 *N.J.Eq.* at 167, 40 *A.2d* 790 (holding that a creditor may follow distributed corporate assets in hands of shareholders).

■ The intervenor is on no more solid ground when alleging that the shareholders were necessary parties to the litigation. *R.* 4:28–1. The court finds that the individual circumstances of the shareholders were not in any way germane or relevant to the issues between ERA and River Bend. *N.J.S.A.* 14A:12–9; 14A:12–16; *In re Collins–Doan Co.,* 3 *N.J.* 382, 70 *A.2d* 159 (1949). While nothing prohibited the shareholders from testifying in the action, there was no obligation to formally bring suit against them. However, because of operation of the statute, they are legally required to satisfy the judgment obtained in favor of ERA against River Bend. *N.J.S.A.* 14A:12–9; 14A:12–16.

The intervenor's arguments concerning the entire controversy doctrine, res judicata, and/or equitable estoppel have no merit, as such doctrines have no application to the issues involved in this controversy.

For the reasons noted, the court concludes there is no legal impediment prohibiting the plaintiff from seeking satisfaction of its judgment against individual shareholders of River Bend to the extent of their ownership interest in the corporation as reflected in their proportionate share of the proceeds of the sale of the real estate.