Croissant Trust.

Argued April 22, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Walter W. Riehl,* with him *Martin Croissant,* for appellant.

*Gwilym A. Price, Jr.,* with him *Mahlon E. Lewis* and *Clyde E. Donaldson,* for appellee.

OPINION BY RENO, J., July 17, 1952:

Appellant was trustee of an inter vivos trust created by his parents, octogenarians, under which he was to manage certain real estate therein conveyed to him for

the benefit of the settlors, and to apply the income to their use "for and during the term of their natural lives and of the life of the survivor of them." He was authorized "to use the whole or any part of the principal of this trust for the support, maintenance, and care of the parties of the first part, and the survivor of them." Upon the death of both settlors the unexpended balance was to be distributed to their children: appellant, Charles, and Martha. The settlors died in 1950, and appellant's first and final account showed a balance of $7938.14 for distribution. Among the credits claimed by appellant was $1740 for nursing services rendered by him to his parents at various times, and $34.46 for traveling expenses from Pittsburgh to Albany, N. Y., for the purpose of buying a tombstone for the family burial plot. To these expenditures appellant's sister, Martha Hammer, excepted and her exceptions were sustained by the auditing judge and the court en banc.

Nursing services rendered by a child to his parents are presumably gratuitous. Payment for them can be made only upon a contract proven by clear, distinct and positive evidence. Mere loose declarations indicating the wish that recompense be given are not sufficient to prove a contract. *Mack's Estate,* 278 Pa. 426, 123 A. 462; *Caldwell v. Taylor,* 276 Pa. 398, 120 A. 391; *Brown v. McCurdy,* 278 Pa. 19, 122 A. 169; *Ulrich v. Arnold,* 120 Pa. 170, 13 A. 831; *Zimmerman v. Zimmerman,* 129 Pa. 229, 18 A. 129; *Myers Estate,* 103 Pa. Superior Ct. 249, 157 A. 916.

To overcome the presumption and establish a contract appellant introduced into evidence two letters from his mother. One dated June 10, 1949, addressed to "Dear Martin", follows: "Your father & I want you to come over and take care of us, we are sick. The estate will pay you. I cannot write any more as I am

to sick. Mother". Another, mailed on June 15, 1949, also addressed to "Dear Martin", reads: "I want you to come over & take care of Pa & me. I am sick and so is your father. Love. Mother".

Assuming that appellant's mother was legally capable of binding the trust estate,[1] her letters indicate only a desire for his presence and care, and the expression, "The estate will pay you" is not clear, distinct and positive evidence of a contract to pay for his services as a nurse. It may refer only to his transportation or his out-of-pocket expenses.

Moreover, and this is the pinch of the case, both father and mother were incapable of contracting with reference to the res of the trust estate. They had conveyed legal title thereof to appellant and he was charged with its management and control. He was empowered to expend the principal for "the support, maintenance and care" of his parents, and this phrase would have authorized employment of nurses. But it did not authorize him to employ himself as a nurse. He could not deal with himself. *Noonan Estate,* 361 Pa. 26, 63 A. 2d 80; *Downing Estate,* 162 Pa. Superior Ct. 354, 57 A. 2d 710, affirmed 359 Pa. 534, 59 A. 2d 903. He could not overcome the presumption that the services rendered to his parents were gratuitous by a contract made by himself as an individual with himself as a trustee. 54 Am. Jur., Trusts, §315; Restatement, Trusts, §170. The prohibition against self-dealing is absolute; and where a trustee violates it, good faith will not help him. *Tracy v. Central Trust Co.,* 327 Pa. 77, 192 A. 869.

---

[1] On this point, *appellant* testified: "Q. Mr. Croissant, under the terms of this trust agreement which you were executing as trustee, did your mother have authority to bind the estate in any way? . . . A. I don't believe she did, no."

With respect to appellant's claim of $34.46, the auditing judge, approved by the court en banc, found "that this expense was incurred in connection with a vacation trip by claimant to Lake Placid, New York, and also to visit his wife who was in Albany, New York, at the time." The finding is amply supported by the evidence and has the effect of the verdict of a jury. In the absence of clear error it cannot be disturbed on appeal. *Kenna Estate,* 348 Pa. 214, 34 A. 2d 617.

Appellant made no charge for commissions as trustee or for attorney's fees[2] which, considering the size of the estate and the work performed by him, might have amounted to a fairly substantial sum. Furthermore, the other heir, Dr. Charles A. Croissant, made no objection to appellant's claim and, while the services were being rendered, wrote to appellant: "I think you should get at least 10.00 a day when there looking after them and I should be very agreeable to this." These circumstances justify invocation of our equitable power in relation to the imposition of costs and an order placing the costs upon the estate.

Decree affirmed, costs to be paid out of the estate.

---

[2] Appellant is a member of the Bar of Allegheny County.