Murray S. ECKELL

v.

Alan BORBIDGE and Terry Borbidge and Leo Doyle.

Civ. A. No. 88–7569.

United States District Court, E.D. Pennsylvania.

April 17, 1990.

**64**

Eduardo C. Robreno, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for appellee.

Richard H. Anderson, Friedman & Anderson, Media, Pa., for appellant.

### Memorandum and Order

DuBOIS, District Judge.

This case involves an appeal by defendant below, Alan Borbidge, from a decision of the U.S. Bankruptcy Court that he owed his mother, Sally Borbidge, $134,339.26 and that this debt was not dischargeable in bankruptcy, and a cross appeal by plaintiff below, Murray S. Eckell, Guardian of the Estate of Sally Borbidge, from a decision of the U.S. Bankruptcy Court that the same debt was dischargeable as to co-defendant Terry Borbidge.

Rule 8013 of the Bankruptcy Rules of Procedure provides the standard of review to be applied by a district court on an appeal from a bankruptcy court; findings of fact cannot be set aside "unless clearly erroneous and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of the witness," and conclusions of law are reviewed *de novo.*

For the reasons stated below, the decision of the Bankruptcy Court is affirmed.

## I.

Sally Borbidge is a widow who was declared incompetent by the Delaware County, Pennsylvania, Court of Common Pleas on August 18, 1987. She is currently in a nursing home. Mrs. Borbidge has three children: Alan Borbidge, Donald Borbidge, and Lynne DiCaprio. Alan Borbidge and his wife, Terry Borbidge, the defendants in the action below[1], filed a joint Chapter 7 petition in the Bankruptcy Court for the Eastern District of Pennsylvania in December of 1986.

Between 1980 to 1983, Alan Borbidge discovered that his sister Lynne was obtaining property from his mother, and between 1982 and 1983 he came to believe that his mother's estate should be protected from Lynne. In 1983, Alan convinced Sally Borbidge to place certain assets in safekeeping to prevent Lynne from reaching them. Sally expressly consented to a plan in which Alan would control certain of her assets for her own benefit in order to safeguard them from Lynne. Between 1983 and 1986, Alan and/or Terry Borbidge received funds in the amount of $145,194.61 from Sally Borbidge's estate.

This case arose when Murray S. Eckell, the state court appointed guardian for Sally Borbidge, brought suit against Alan and Terry Borbidge in the bankruptcy court. He sought to have debts allegedly owed by them to Sally Borbidge declared nondischargeable pursuant to 11 U.S.C. § 523(a)(4) for fraud or defalcation in a fiduciary capacity.

The bankruptcy court determined that (1) Alan Borbidge was the trustee of an express trust created by Sally Borbidge for her own benefit, (2) he obtained $145,194.51 from the corpus of the trust through payments to him or his wife, (3) only $10,855.35 of such funds were used for the benefit of Sally Borbidge, and (4) none of such funds was intended by Sally Borbidge to be a gift.

The bankruptcy court, therefore, concluded that Alan Borbidge was indebted to the plaintiff in the amount of $134,339.26 and that this debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(4) because it was incurred through fraud or defalcation in a fiduciary capacity. The court, however, concluded that this same debt was dischargeable by Terry Borbidge because, although she benefitted from the defalcations of her husband, there was insufficient evidence to establish that she was a fiduciary by virtue of an express trust benefitting Sally Borbidge.

## II.

A. Effect of plaintiff's late response to defendants' request for admissions

The first issue which must be resolved in this appeal is whether the bankruptcy court erred in allowing plaintiffs to respond late to defendants' request for admissions. Because plaintiff's answers to defendant's request for admissions were filed eleven days after the deadline imposed by Fed.R.Civ.P. 36(a)[2], defendants sought at trial, after opening remarks, to have the defaulted admissions made part of the record. The bankruptcy judge decided to consider the issue as though it had arisen before trial, (Transcript 2/29/88 at 18–19), and ruled that the "... late filed responses should be treated as a withdrawal or amendment of the defaulted admissions ..." pursuant to Rule 36(b).[3] The court reasoned that the

1. Leo Doyle is the Chapter 7 trustee and has filed a trustee's report; he has indicated that he has no interest in the outcome of this case.

2. Rule 36(a) reads in relevant part:

   (a) **Request for Admission.** A party may serve upon any other party a written request for the admission ... of the truth of any matters ... that relate to statements or opinions of fact or of the application of law to fact....

... The matter is admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection....

3. Rule 36(b) reads in relevant part:

   (b) **Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits the withdrawal or amendment of the admission. Subject to the

failure to respond "was not willful and that permitting amendment by allowing the late filed response would not prejudice the defendants within the meaning of Rule 36(b)." *In re Borbidge*, 90 B.R. 728, 730 (Bkrtcy.E.D.Pa.1988).

The defendants object to this ruling on the ground that the bankruptcy court applied the wrong legal standard in allegedly imposing upon them, in their effort to bind plaintiff to his admissions, the burden of demonstrating that they would be prejudiced if withdrawal were allowed. Defendants argue that trial had already begun when the judge considered the issue of allowing withdrawal or amendment of the defaulted admissions, and that, therefore, it was the burden of the plaintiff to show that withdrawal or amendment of the admissions was necessary "to prevent manifest injustice."

Defendants misunderstand the applicable law. Under Rule 36(b) it is the burden of the party who obtained the admission to demonstrate that allowing withdrawal would result in prejudice. Fed.R. Civ.P. 36(b). This general rule, however, is "[s]ubject to the provisions of Rule 16 governing the amendment of a pretrial order." Fed.R.Civ.P. 36(b). Under Rule 16, "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice." That rule applies to the amendment of a response to a request for admission only when the admission is made part of a final pretrial order. In the case at bar, plaintiff's defaulted admissions were not included in the final pretrial order. In fact, the facts deemed admitted by plaintiff's default were explicitly listed in the pretrial order as contested facts. (Pretrial Order at 15, contested fact # 5).

Defendants contend that a party seeking to withdraw an admission must prove manifest injustice whenever withdrawal is sought after the commencement of trial, and not just when the admissions are made part of a final pretrial order. In support of this argument the defendants rely on *Brook Village North Associates v. General Electric Co.*, 686 F.2d 66 (1st Cir.1982), in which the First Circuit refers to the "higher threshold for opening up admissions after commencement of trial." *Id.* at 71. Defendants failed to note, however, the factual context in which the First Circuit's pronouncement was made; the trial court in *Brook Village* had repeatedly denied the requests of the defendant in that case to withdraw its defaulted admissions and had recognized the denial in its pretrial order. *See id.* at 69. The defaulted admissions, therefore, were included in the final pretrial order and, as such, fell within the exception to the Rule 36(b) standard.

For the foregoing reasons, the bankruptcy court did not err when it allowed plaintiff to withdraw or amend his defaulted admissions after finding lack of willfulness by the plaintiff and no prejudice to the defendants.

### B. The dischargeability of Alan Borbidge's debt

Appellant Alan Borbidge also appeals from the bankruptcy court's finding that a debt in the amount of $134,339.26 is owed by him to Sally Borbidge and that this debt is nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(4) [4] for defalcation in a fiduciary capacity. Specifically, the appellant argues that the bankruptcy court erred in (1) finding that an express trust existed between Alan and Sally Borbidge, and (2) finding that the transfers of assets were not intended as gifts and that, therefore, Alan Borbidge obtained the assets through defalcation. Each of these arguments is addressed below.

---

provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

4. 11 U.S.C. § 523(a)(4) reads in relevant part:
(a) The discharge under section 727, 1141,,[sic] 1228(a), 1228(b), or 1328(b), of this title does not discharge an individual debtor from any debt—
(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny[.]

### 1. Finding of an express trust

Defendants challenge on two grounds the bankruptcy court's conclusion of law that an express trust existed between Alan and Sally Borbidge: (a) that there was no identifiable res to the trust, as is required, because the funds were commingled with Alan Borbidge's personal assets, and (b) that, because he paid interest on them, the transferred assets were actually loaned to Alan and not held in trust by him.

█ The intention of the parties ultimately controls whether an express trust has been created, *see In re Penn Central Transportation Co.,* 486 F.2d 519 (3rd Cir. 1973) (en banc), *cert. denied,* 415 U.S. 990, 94 S.Ct. 1588, 39 L.Ed.2d 886 (1974), and the parties need not use any particular form of words to manifest this intent. *See In re Trbovich,* 488 Pa 583, 413 A.2d 379, 380 (1980). As the bankruptcy court correctly noted, " 'When the language of the parties fails to clearly indicate their intention, it may be ascertained by other objective manifestations of intent, such as the facts and circumstances surrounding the transaction and the relationship of the parties.' " *Borbidge,* 90 B.R. at 735, quoting, *Penn Central,* 486 F.2d at 524.

█ While it is true that the paying of interest or the commingling of funds can be evidence that a trust was not intended, these factors are not dispositive; they are just two of a number of factors that courts consider when attempting to determine whether a trust was intended by the parties. *See Penn Central,* 486 F.2d at 524. In this case, the bankruptcy court, after considering all of the evidence, concluded that the Sally and Alan Borbidge did intend to create a trust for Sally's benefit. The bankruptcy court based this conclusion on the testimony of Alan Borbidge, *see Borbidge,* 90 B.R. at 735, as well as on the fact that during that same time period real estate was placed in an express trust and other assets were placed in jointly held certificates of deposit. *See id.* at 736.

This Court agrees that the evidence is sufficient to establish the existence of an express trust and, hence, the finding of the bankruptcy court will be affirmed.

### 2. The finding that defalcation occurred

Defendant contends that the assets transferred from his mother to him were intended as gifts and that, consequently, the bankruptcy court erred in concluding that he engaged in defalcation. First, defendant argues that the bankruptcy court erred as a matter of law in placing upon him the burden of proving that the transferred assets were intended as gifts. Defendant asserts that the bankruptcy court should have employed the presumption that assets transferred between parents and children are gifts absent proof to the contrary.

█ Although there is a presumption that assets transferred between parent and child are gifts, this presumption is inapplicable in situations where the child is a fiduciary under an express trust for the benefit of the parent. *Cf. Anderton v. Patterson,* 363 Pa. 121, 69 A.2d 87 (1949) (son subject to duties of trustee after court finds trust was established); *In re Estate of Croissant,* 171 Pa.Super. 321, 90 A.2d 260 (1952) (same). Where, as in this case, such a fiduciary relationship exits, a prima facie case of defalcation is established against the trustee when it is proved that there was a direct transfer of funds from the trust to the trustee. The burden then shifts to the trustee to establish that the transferred assets were a gift, were used for the benefit of the trust beneficiary, or were obtained as repayment for services rendered to the trust beneficiary. *See Bellis v. Thal,* 373 F.Supp. 120 (E.D.Pa.1974), *aff'd mem.* 510 F.2d 969 (3rd Cir.1975).

█ In the case at bar, the bankruptcy court found, and the defendant did not contest, that such a direct transfer of assets occurred. *See Borbidge,* 90 B.R. at 736. Therefore, the court did not err in placing upon defendant the burden of demonstrating that the transferred assets were intended as gifts.

Defendant also argues that the bankruptcy court's finding that no gift was intended is clearly erroneous. This argument is without merit. The bankruptcy

court clearly articulated its reasons for concluding that the transferred assets were not intended as gifts and based its conclusion on evidence in the record; for example, the bankruptcy court found defendant's testimony that the assets were obtained as gifts not to be credible, and further found that defendant's failure to submit gift tax returns supported this conclusion. *See Borbidge*, 90 B.R. at 732. Given this evidence, this Court cannot conclude that the bankruptcy court's finding of defalcation was clearly erroneous.

For the reasons stated above, the determination of the bankruptcy court that Alan Borbidge owes the estate of Sally Borbidge $134,339.26 and that this debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) for defalcation in a fiduciary capacity is affirmed.

C. The dischargeability of Terry Borbidge's debt

Plaintiff below, Murray S. Eckell, guardian of the estate of Sally Borbidge, cross-appeals the decision of the bankruptcy court that Terry Borbidge is not indebted to the estate of Sally Borbidge. He contends that the bankruptcy court erred in concluding that Terry Borbidge was not a fiduciary by express trust and, in the alternative, in failing to impute to her, on an agency theory, Alan Borbidge's defalcation.

1. Terry Borbidge's liability as a fiduciary

This Court affirms the finding of the bankruptcy court that Terry Borbidge did not stand in a fiduciary relationship with Sally Borbidge. The plaintiff does not allege that the bankruptcy court applied the wrong legal standard; as was discussed in the previous section, the bankruptcy court articulated the correct standard when it stated that "[t]he parties' manifestation of intention ultimately controls whether or not a trust relationship exists." *See Borbidge*, 90 B.R. at 735, quoting, *In re Penn Central Transportation Co.*, 486 F.2d 519, 524 (3rd Cir.1973). Plaintiff, instead, contends that the bankruptcy court erred in concluding that such intent did not exist.[5] This Court rejects plaintiff's argument on the ground that he has failed to demonstrate the bankruptcy court's finding was clearly erroneous. The bankruptcy court's opinion discloses that the court based its finding on an evaluation of the testimony and other evidence presented in the case. *See Borbidge*, 90

---

**5.** Plaintiff also contends that because the bankruptcy court, in denying defendants' request for a directed verdict at the end of plaintiff's case-in-chief, stated there was sufficient evidence to establish that Alan and Terry Borbidge were fiduciaries, the bankruptcy court became bound to that conclusion through the doctrine of the law of the case. This argument fails for two reasons.

First, the doctrine of the law of the case only applies to issues that were actually decided by the court or were decided by necessary implication. *See Todd & Co., Inc. v. SEC*, 637 F.2d 154, 157 (3rd Cir.1980). In this case, the bankruptcy court did not make an unqualified finding that Terry Borbidge was a trustee. In denying defendants' motion for a directed verdict, the court stated that *"subject to the defendants' rebuttal in their case-in-chief*, the evidence presented in the plaintiff's case-in-chief was sufficient to make out the existence of an express trust created by Mrs. Sally Borbidge for her own benefit with the defendants acting as trustees." *Borbidge*, 90 B.R. at 730 (emphasis added). At the close of all the evidence, the court found that "the evidence presented in defendant's case-in-chief suggested that Alan stood in a fiduciary relationship to his mother, but Terry did not." *See id.* at 736 n. 14. Furthermore, the bankruptcy judge has explained that because defendants' motion for a directed verdict made no distinction between Alan and Terry Borbidge, he did not focus specifically on how the evidence affected their individual cases when he denied the motion for a directed verdict. For these reasons, it cannot be said that the court made a finding that Terry Borbidge was a fiduciary which would prevent it from later ruling that she was not.

Second, the doctrine of the law of the case "directs a court's discretion, it does not limit the tribunal's power." *See Schultz v. Onan Corp.*, 737 F.2d 339, 345 (3rd Cir.1984), quoting, *Arizona v. California*, 460 U.S. 605, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). It is not a "'barrier to the correction of judicial error.'" *See Schultz*, 737 F.2d at 345, quoting, *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir.1983). Therefore, even if the bankruptcy court did rule at the end of plaintiff's case-in-chief that Terry Borbidge was a fiduciary, it had the power to change its ruling in light of its evaluation of all of the evidence in the case in order to prevent "manifest injustice." *See Schultz*, 737 F.2d at 345–46.

B.R. at 736. This Court is not at liberty to disturb that finding absent a more compelling showing by the plaintiff that both Terry and Sally Borbidge intended to create an express trust in which Terry was the trustee and Sally the beneficiary.

### 2. Terry Borbidge's liability on agency theory

Cross–Appellant Eckell contends that even if Terry Borbidge is not a fiduciary, she owes a nondischargeable debt to the estate of Sally Borbidge because of her agency relationship with Alan Borbidge, her husband. Cross–Appellant cites a number of cases in which debts incurred by one spouse through false pretenses, false representation or actual fraud have been held nondischargeable as to the other spouse under 11 U.S.C. § 523(a)(2)(A) [6]. He argues that the same agency theory should be applied in cases such as this so that a debt incurred by one spouse through defalcation in a fiduciary capacity is nondischargeable as to the other spouse under 11 U.S.C. § 523(a)(4).

A review of the bankruptcy court record reveals that Cross–Appellant failed to raise this alternative theory of nondischargeability in the proceedings below, and as a result, the bankruptcy judge did not address it.[7] This Court will not consider this alternative theory of nondischargeability because it was not raised in the bankruptcy court.

District courts in reviewing bankruptcy court proceedings perform the same function as do the courts of appeal in reviewing decisions of the district courts. *See* Fed.R. Bank.P. 8013. "It is the general rule, of course, that a federal appellate court does not pass upon an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). The rationale behind this rule is simple: it exists "in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues ... [and] in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence." *Id.,* quoting, *Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941).

The reasons behind not allowing litigants to raise new legal theories on appeal are implicated in this case. Because the issue was not raised prior to the appeal, Terry Borbidge had no incentive to produce evidence at the bankruptcy trial to rebut the argument that her husband's defalcation should be imputed to her. To entertain such a claim at this stage would be unfair to Terry Borbidge, and, accordingly, this Court declines to do so.

For the reasons stated above, the decision of the bankruptcy court is affirmed.

---

**6.** 11 U.S.C. § 523(a)(2)(A) reads in relevant part: (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— (2) for money, property, service, or an extension, renewal, or refinancing of credit, to the extent obtained by— (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

**7.** The Court has reviewed the trial transcript and the Amended Complaint, Proposed Findings of Fact and Conclusions of Law, and Pretrial Memorandum submitted by plaintiff in the proceedings below. In none of his filings did plaintiff argue that the debt owed to Sally Borbidge is nondischargeable as to Terry Borbidge be-

cause the defalcations of one spouse are imputed to the other; rather, plaintiff seems exclusively to have relied upon the theory that the debt is nondischargeable as to Terry because she was a fiduciary by express trust. Plaintiff also failed to argue this alternative theory of liability in his closing remarks in the bankruptcy court or at any other time during the trial. Finally, nowhere in his opinion does the bankruptcy judge address the question of whether the nondischargeability of a debt of one spouse can be imputed to the other under 11 U.S.C. § 523(a)(4), nor does he indicate that this question was raised by the parties. The fact that the bankruptcy judge made only a passing reference to *In re Paolino,* 89 B.R. 453 (E.D.Pa.1988), a case in which a husband-debtor's fraud was imputed to his wife under 11 U.S.C. § 523(a)(2)(A), further supports this conclusion.