In re James H. THOMAS, Debtor.

Robert Cormack, P.E., Esq., Plaintiff,

v.

James H. Thomas, d/b/a Thomas and Sons Contractors, d/b/a Pine Tree Building Supplies, Defendant.

Bankruptcy No. 98–51505 SAS.

Adversary No. 99–5624 TS.

United States Bankruptcy Court, D. New Jersey.

Dec. 4, 2000.

Robert Cormack, P.E., Lakewood, NJ, Plaintiff Pro Se.

Monica E. Robertson, Brick, NJ, for Defendant.

### MEMORANDUM OPINION

Stephen A. Stripp, Bankruptcy Judge.

This is the court's decision on a motion for summary judgment by defendant James H. Thomas.[1] Plaintiff Robert Cormack opposes the motion. The motion argues that there are no genuine issues of material fact as to Cormack's cause of action on Thomas's alleged fraud under section 523(a)(2)(A) and defalcation while acting in a fiduciary capacity under section 523(a)(4) of title 11, United States Code (hereinafter "Bankruptcy Code" or "Code"). The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This shall constitute the court's findings of fact and conclusions of law.

### FINDINGS OF FACT[2]

Thomas is the sole shareholder of Thomas and Sons Building Contractors Inc. (hereinafter "Thomas and Sons"), and of Pine Tree Builders, Inc. Thomas and Sons is a New Jersey corporation engaged in the business of general construction. In 1997, Thomas and Sons contracted with the United States Navy for the construction of a tower at the Naval Air Warfare Center, in Lakehurst, New Jersey. To fulfill this contract, Thomas and Sons entered into an oral subcontract with Cormack for the preparation of structural steel detail drawings.

On March 24, 1998 Cormack submitted the completed drawings to Thomas and Sons along with an invoice in the amount of $11,207. On March 27, 1998, Thomas and Sons submitted the drawings to the Navy for approval. Approval was granted by the Navy on April 23, 1998. On June 12, 1998, Thomas executed and submitted to the Navy on behalf of Thomas and Sons a Certification for Progress Payment for the period ending May 29, 1998. The Certification requested payment in the amount of $30,000. According to Thomas, the Certification sought reimbursement solely for excavation work, rebar and wire installation, and not for Cormack's drawings. By June 16, 1998, the Navy approved a payment to Thomas and Sons, but only in the amount of $15,150. In July 1998, the Navy terminated its contract with Thomas and Sons. Thereafter, Thomas and Sons first sought payment for the work performed by Cormack.

---

1. Although the defendant sometimes refers to this motion in his moving papers as a motion to dismiss, the caption of the notice of motion states that the motion is for summary judgment under Federal Rule of Bankruptcy Procedure 7056, and the plaintiff's letter memorandum dated August 14, 2000 states that he is responding to the defendant's motion for summary judgment. The motion will therefore be adjudicated under the standards of Rule 7056 rather than Rule 7012. Further, the complaint does not have an adversary proceeding caption, but the plaintiff's pretrial memo states that the defendant is "James H. Thomas, d/b/a Thomas & Sons Building Contractors, d/b/a Pine Tree Building Supplies, Defendant." The defendant's answer and other papers refer to "James H. Thomas, defendant." Thomas and Sons Building Contractors, Inc. is a separate corporate entity, which is the subject of a separate chapter 11 case. Although the caption used by the plaintiff indicates a belief that the business is a sole proprietorship or an alter ego of the individual debtor, no proofs to that effect have been offered by the plaintiff. Moreover, the plaintiff refers to a singular "defendant." The court therefore concludes that this adversary proceeding is against James Thomas only, and not Thomas and Sons Building Contractors, Inc.

2. As the parties did not supply the court with a statement of undisputed facts, as required by L. Civ. R. 56.1 of the U.S. District Court for the District of New Jersey, made applicable to this proceeding by D.N.J. LBR 1001–1(a), this statement of facts is taken from the certifications of the parties and their briefs. The court has discretion to treat the certifications and briefs as the statements of material facts, thereby assuming that all facts not disputed by either party are admitted. *See SEC v. Chester Holdings Ltd.,* 41 F.Supp.2d 505, 516 n. 7 (D.N.J.1999).

On September 8, 1998, Thomas, in his individual capacity, filed a petition for relief under chapter 7 of the Bankruptcy Code. On September 13, 1999, the case was converted to chapter 11. In his petition, Thomas scheduled Cormack as an unsecured nonpriority claimant, and designated his claim as "disputed."

On November 2, 1998, Thomas and Sons filed a petition for relief under chapter 7 of the Bankruptcy Code. On November 17, 1998, the case was converted to chapter 11. In its petition, Thomas and Sons scheduled Cormack as an unsecured nonpriority claimant, and designated his claim as "disputed." Cormack's claim in the Thomas and Sons bankruptcy is for the same debt as his claim in Thomas's bankruptcy.

On December 23, 1999, Cormack filed adversary complaints in both bankruptcy cases seeking determinations that the debt owed to him was nondischargeable. On April 26, 2000, the complaint against Thomas and Sons was dismissed by the court *sua sponte* for failure to state a claim because that debtor is a corporation. *See* 11 U.S.C. § 523(a) (providing for the nondischargeability of certain debts of individual debtors only). Count one of the complaint against Thomas alleges that the debt is nondischargeable pursuant to Bankruptcy Code section 523(a)(2)(A) because Thomas obtained funds from Thomas and Sons which should have been paid to Cormack, through false pretenses, false representations, or fraud. Count two alleges that the debt is nondischargeable pursuant to Code section 523(a)(4) because Thomas engaged in fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. On July 14, 2000, Thomas filed the instant motion for summary judgment seeking a determination that he is not personally indebted to Cormack, but if he is, any debt he may owe to Cormack is dischargeable.

## CONCLUSIONS OF LAW

### I.

A party seeking summary judgment bears the initial burden of demonstrating that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Bankr.P. 7056; Fed.R.Civ.P. 56(c); *see also In re Ricardo N. Uriarte*, 215 B.R. 669, 671 (Bankr.D.N.J.1997) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). Where the moving party satisfies this burden, the burden then shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. *Id.* at 672 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). A court considering a motion for summary judgment does not resolve factual disputes but must view all facts and inferences therefrom in the light most favorable to the non-moving party. *Id.* (*citing Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1362 n. 1 (3d Cir.1996)). There is no genuine triable issue unless there is sufficient evidence to permit a finding in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S at 248, 106 S.Ct. at 2510).

### II.

The first count of the complaint alleges that the debtor signed a Certification for Progress Payment stating that subcontractors had been or would be paid, and submitted it to the Navy. The first count further alleges that Thomas and Sons received payment from the government but failed to pay Cormack. The count alleges that the debtor used false representations, false pretenses or actual fraud to induce the government to make such payment, and then used the funds contrary to the stated purpose, thereby defrauding Cormack in violation of Code section 523(a)(2)(A).

In the certification in support of the motion Thomas alleges that Cormack's

contract was with Thomas and Sons, and not with Thomas personally. The certification alleges that Cormack and other subcontractors did not get paid because of contract disputes between the Navy and Thomas and Sons, and that Thomas and Sons did not receive sufficient funds to cover all expenses incurred on the project.

Cormack's letter memorandum in opposition alleges as to this count that Thomas committed a misrepresentation when he signed the Certification for Progress Payment which was submitted to the Navy because he never used the funds received from the Navy for the benefit of suppliers and subcontractors. Cormack further alleges that Thomas and Sons was insolvent when it contracted with him, and that Thomas committed fraud when he engaged Cormack's services without the capacity to pay for them.

■ Bankruptcy Code section 523(a)(2)(A) excepts from discharge any debt incurred via false pretenses, false representation, or actual fraud. *See* 11 U.S.C. § 523(a)(2)(A); *see also In re Trombadore*, 201 B.R. 710, 713 (D.N.J. 1996), *aff'd* 129 F.3d 1256 (3d Cir.1997) (unpublished Table decision). For a debt to be nondischargeable under section 523(a)(2)(A), a plaintiff must prove that: (1) the debtor misrepresented a material fact; (2) the debtor obtained money or services through the misrepresentation; (3) the debtor knew at the time that the statement was false; (4) the debtor intended the creditor to rely on the statement; (5) the creditor actually and justifiably relied on the statement; and (6) the creditor sustained damage which was the proximate result of the false representation. *See In re DeBaggis*, 247 B.R. 383, 389 (Bankr.D.N.J.1999) (*citing In re Cohen*, 191 B.R. 599, 604 (D.N.J.1996), *aff'd sub nom.* 106 F.3d 52 (3d Cir.1997), *aff'd* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998)). A plaintiff bears the burden of proving each element of the claim by a preponderance of the evidence. *See id.;* (*citing* Fed.R.Bankr.P. 4005; *Grogan v.*

*Garner,* 498 U.S. 279, 287–88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

■ The contract between Cormack and Thomas and Sons was entered into prior to March 24, 1998, because Thomas and Sons received the drawings from Cormack on March 24, 1998. The Certification for Progress Payment by Thomas and Sons to the Navy was dated June 12, 1998 and submitted to the Navy on or about that date. Representations by Thomas and Sons to the Navy made three months after the contract between Cormack and Thomas and Sons cannot be the basis for a cause of action by Cormack under Code section 523(a)(2) for fraud in entering into the contract between these parties, or in inducing delivery by Cormack of the drawings. The representations to the Navy in the Certification for Progress Payment had not been made at the time of the contract between Thomas and Sons and Cormack, so Cormack could not have relied on them in entering into the contract. Nor had the Certification for Progress Payment been submitted before Cormack delivered his drawings to Thomas and Sons. Moreover, the representations in question were made to the Navy, not to Cormack.

■ As to Cormack's allegation that Thomas and Sons was insolvent when it contracted with him, and Thomas therefore defrauded him, mere insolvency or inability to pay a debt as it comes due is insufficient to establish fraud. *See In re Trombadore*, 201 B.R. at 714–15; *see also In re Paragon Securities Co.,* 589 F.2d 1240, 1245 (3d Cir.1978). In addition, a promise to perform a future act is an insufficient basis to support an action for fraud merely because the act did not occur. *See DeBaggis,* 247 B.R. at 390; *see also Exeter Bancorporation, Inc. v. Kemper Securities Group, Inc.,* 58 F.3d 1306, 1312 (8th Cir.1995). There must also be evidence that when the promisor made the promise, he had no intention of keeping it. *Id.*

Rule 56(e) requires a party opposing summary judgment to set forth specific facts showing that there is a genuine issue for trial. Since Cormack offers no facts as to fraudulent inducement to enter the contract except the possible insolvency of Thomas and Sons, and since that alone cannot as a matter of law prove fraud, Thomas is entitled to summary judgment on the first count of the complaint.

### III.

■ As to the second count of the complaint alleging fraud or defalcation in a fiduciary capacity, embezzlement or larceny under Code section 523(a)(4), Cormack has offered no evidence of embezzlement or larceny. To establish a cause of action under this section for fraud or defalcation in a fiduciary capacity, the plaintiff must prove that defendant violated a fiduciary duty to the plaintiff. *See In re Kaczynski,* 188 B.R. 770, 773 (Bankr.D.N.J.1995). Cormack makes several arguments as to this cause of action.

### A.

■ Cormack argues that the Prompt Payment Act, 31 U.S.C. § 3901 *et seq.,* imposed a fiduciary duty on Thomas and Sons to pay Cormack. Thomas argues that the Prompt Payment Act cannot be the basis for any cause of action in favor of Cormack. The Prompt Payment Act requires that construction contracts with governmental agencies shall include a clause requiring the general contractor to pay subcontractors for satisfactory performance within seven days of the general contractor's receipt of payment from the agency. *See* 31 U.S.C. § 3905(b)(1). The Prompt Payment Act does not, however, give subcontractors an additional cause of action for an alleged breach by a general contractor of a subcontract. *See U.S. ex rel. Virginia Beach Mechanical Services, Inc. v. SAMCO Construction Co.,* 39 F.Supp.2d 661, 677–78 (E.D.Va.1999); *Transamerica Premier Ins. Co. v. Ober,* 894 F.Supp. 471, 479–80 (D.Me.1995).

Neither does 31 U.S.C. § 3905(b)(1), on which Cormack relies, impose a fiduciary duty on a general contractor as to funds received from a governmental agency from which a subcontractor is supposed to be paid, and Cormack cites no case finding any such fiduciary duty. It follows that Thomas and Sons' alleged violation of the Prompt Payment Act does not constitute a breach of any fiduciary duty, and there is therefore no cause of action under Bankruptcy Code section 523(a)(4) by virtue of the alleged violation of the Prompt Payment Act.

### B.

■ Cormack also argues that directors and officers of a corporation have a fiduciary duty to creditors when the corporation becomes insolvent. He further argues that Thomas and Sons was insolvent when it received the progress payments from the Navy, and that Thomas breached his fiduciary duty to creditors by using those funds for his own benefit. The certification of Thomas in support of the motion states that because of contact disputes between the Navy and Thomas and Sons, the corporation only received a total of $54,765. on this project. The certification states that Cormack and other subcontractors did not get paid because of problems associated with those contract disputes and the bankruptcy filing by Thomas and Sons. Thomas' supplemental certification attaches an invoice reflecting that the total contract price between the Navy and Thomas and Sons was to be $840,450.

■ It is true that when a corporation becomes insolvent its directors and officers owe a fiduciary duty to creditors with respect to the corporation's assets. *See Francis v. United Jersey Bank,* 87 N.J. 15, 36, 432 A.2d 814 (1981); *Kiernan v. Kahn Davis, Inc.,* 132 N.J.Eq. 245, 28 A.2d 66 (Chan.1942). A fiduciary duty is also imposed on a corporation's shareholders in such circumstances as to corporate assets which come into their possession. *See ERA Advantage Realty, Inc. v. River*

*Bend Development Co., Inc.,* 284 N.J.Super. 92, 99, 663 A.2d 656 (Law Div.1994). Breach of that fiduciary duty can result in a debt which is nondischargeable under Bankruptcy Code section 523(a)(4). *See In re Docteroff,* 133 F.3d 210, 216–17 (3d Cir.1997); *In re Carretta,* 219 B.R. 66, 75–76 (Bankr.D.N.J.1998). The plaintiff must still meet his burden of proving, however, that under the facts of this case, Thomas breached such a duty to Cormack, causing damages.

Thomas disputes that Thomas and Sons was insolvent when it received the subject payments from the Navy. The proximity of the bankruptcy filing by Thomas and Sons on November 2, 1998 to its receipt of the progress payments up to June 16, 1998 raises a genuine issue of material fact as to whether the corporation was insolvent when it received those payments. Cormack has the burden of proving that Thomas and Sons was insolvent when it received those payments. If he meets that burden, then Thomas had a fiduciary duty to creditors with respect to those funds.

■ If Cormack proves at trial that Thomas and Sons was insolvent, he will then have to prove that Thomas committed a defalcation in the fiduciary capacity thereby created. Cormack has offered no evidence of fraud in a fiduciary capacity. A defalcation occurs when a fiduciary fails to account for funds received in his fiduciary capacity. *In re Kaczynski,* 188 B.R. 770, 778 (Bankr.D.N.J.1995). Cormack's letter memo in opposition to Thomas's motion has as exhibits a ledger card reflecting receipts and disbursements in connection with this project and a letter from Thomas dated May 2, 2000 regarding those disbursements. Those exhibits create a genuine issue of material fact as to whether Thomas committed a defalcation in the fiduciary capacity which he had if the corporation was insolvent, because it does not appear that the funds received from the Navy have been adequately accounted for.

■ It has been held that a plaintiff meets his burden of establishing defalcation by showing that trust funds were paid out of the trust and into the hands of the trustee. *See Dresden v. Willock,* 518 F.2d 281 (3d Cir.1975); *Villa Site Co. v. Copeland,* 91 N.J.Eq. 503, 111 A. 39 (N.J.1920); *Eckell v. Borbidge,* 114 B.R. 63, 67 (E.D.Pa.1990); *In re Bagel,* 1992 WL 477052 (Bankr.E.D.Pa.1992), *aff'd,* 22 F.3d 300 (3d Cir.1994) (unpublished Table decision); *In re Manzo,* 106 B.R. 69 (Bankr. E.D.Pa.1989). Once the plaintiff proves that trust funds were paid out of the trust and into the hands of the trustee, the burden shifts to the trustee to establish that such payments were not a defalcation. *Eckell v. Borbidge, supra; In re Bagel, supra; In re Manzo, supra; In re Little,* 163 B.R. 497 (Bankr.E.D.Mich.1994). Thus if Cormack proves at trial that any corporate funds were disbursed to Thomas personally while the corporation was insolvent, the burden will shift to him to show that he did not commit a defalcation.

Presumably, however, if the funds were used for proper corporate purposes other than paying the subcontractors on the job in question, there would not be a defalcation. There would instead only be a breach of contract by the corporation in failing to pay only the subcontractors. If Cormack argues otherwise, he will have to cite authority for his position in his trial brief.

Another issue which will have to be briefed for trial is the measure of damages if there was a defalcation. It would appear that if liability is established, Cormack would only be entitled to damages equal to his proportionate share of any misappropriated funds based upon the percentage which Cormack's claim is of the total unsecured claims.

### C.

■ Thomas also cites authority for the proposition that corporate officers are personally liable for torts which they com-

mit on behalf of a corporation. While that is true, it is also irrelevant, because Cormack has offered no evidence that Thomas committed any torts. Cormack cites *Van Dam Egg Co. v. Allendale Farms, Inc.,* 199 N.J.Super. 452, 489 A.2d 1209 (App. Div.1985), to support his argument that Thomas is personally liable for the corporation's debt to Cormack if the corporation was insolvent when it contracted with Cormack. *Van Dam Egg Co.* held that if an officer and shareholder of a corporation makes a specific affirmative representation to a supplier that the corporation had the capacity and intent to pay for goods, knowing that the corporation was hopelessly insolvent and would not be able to pay, the officer and shareholder would be personally liable to the supplier. *Id.* at 455–56, 489 A.2d 1209. Cormack has offered no evidence that Thomas made any such specific affirmative representation to him. This case therefore falls within the general rule of *Allesandra v. Gross,* 187 N.J.Super. 96, 453 A.2d 904 (App.Div.1982), cited with approval in *Van Dam Egg Co.,* that "a corporation and its agents ordinarily have no duty to those with whom the corporation does business to come forward unbidden with information bearing on its ability to meet its obligations." *Van Dam Egg Co. v. Allendale Farms, Inc.,* 199 N.J.Super. at 456, 489 A.2d 1209.

## CONCLUSION

For the foregoing reasons, the debtor's motion for summary judgment is granted as to count one of the complaint under Code section 523(a)(2)(A), and that count is dismissed. The motion is also granted as to count two of the complaint as to any cause of action for fraud in a fiduciary capacity, embezzlement or larceny. The motion is denied as to count two of the complaint under Code section 523(a)(4), insofar as that count alleges defalcation in a fiduciary capacity. **Trial is rescheduled for January 18, 2001 at 9:00 a.m.** The stipulation of any undisputed facts, proposed findings of fact, conclusions of law and trial briefs are to be filed and served so as to be received by January 11, 2001. The parties shall bring binders of their exhibits to trial in accordance with section four of the order of June 20, 2000 scheduling pretrial proceedings and trial. The attorney for the debtor shall file an order with seven days under D.N.J. LBR 9072–1(c).