**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0046-22

CHELSEA ANZURES,

    Plaintiff-Appellant,

v.

MORRIS COUNTY JUVENILE
DETENTION CENTER,
MORRIS COUNTY DEPARTMENT
OF HUMAN SERVICES,
MORRIS COUNTY SHERIFF'S
OFFICE, KATRIA THORNE-
STEVENSON, and DAVID
CHAPARRO,

    Defendants-Respondents.

_____

Argued October 31, 2023 – Decided November 21, 2023

Before Judges Whipple, Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2122-18.

Raquel Romero argued the cause for appellant (Law Office of Raquel Romero, attorneys; Raquel Romero and Mary Ann Serino, on the briefs).

Anthony J. Vinhal argued the cause for respondents Morris County Juvenile Detention Center, Morris County Department of Human Services, Morris County Sheriff's Office, and David Chaparro (Carmagnola & Ritardi, LLC, attorneys; Anthony J. Vinhal, of counsel and on the brief).

PER CURIAM

Plaintiff Chelsea Anzures appeals from a July 26, 2022 order denying her motion for attorney's fees and costs after settling her claims against defendants Morris County Juvenile Detention Center (MCJDC), Morris County Department of Human Services, Morris County Sheriff's Office, and David Chaparro. We affirm.

In November 2016, while detained at the MCJDC, plaintiff alleged she was assaulted by two MCJDC officers. In October 2018, plaintiff filed a complaint against defendants, asserting claims for assault, battery, mental anguish, and negligence. Plaintiff subsequently amended her complaint to include Chaparro as an additional defendant. Nowhere in the complaint or amended complaint did plaintiff refer to a violation of her civil rights under the New Jersey Constitution or the United States Constitution. Additionally, neither the complaint nor the amended complaint included a demand for attorney's fees.

The matter proceeded to court-mandated arbitration. The arbitrator, finding defendant Katria Thorne-Stevenson one hundred percent liable for

2

A-0046-22

assaulting plaintiff, entered an award for plaintiff in the amount of $35,067.79. Plaintiff filed a trial de novo from the arbitration award.

Thereafter, plaintiff and defendants discussed a settlement. Defense counsel forwarded a settlement agreement to plaintiff's attorney. However, plaintiff's attorney declined to sign the agreement because it lacked a provision allowing plaintiff to make an application for attorney's fees.

Defendants moved to enforce the settlement absent a provision allowing plaintiff to seek attorney's fees. Plaintiff filed opposition. In a March 25, 2022 order, the judge granted defendants' motion to enforce the settlement but expressly declined to "address the issue of a possible motion for counsel fees."[1]

On June 21, 2022, plaintiff filed a motion for attorney's fees, which defendants opposed. In a July 26, 2022 order, the judge denied plaintiff's motion. In denying the motion, the judge wrote the following on the order:

> Counsel fees are the obligation of the client unless statute, rule, etc[.] provides otherwise. Counsel argues that the federal [C]ivil [R]ight's [A]ttorney['s] [F]ee[s] [A]ward [A]ct provides this authority. Nowhere in the complaint does plaintiff allege a violation of civil rights nor does the complaint assert a claim for counsel fees. It merely states "interest and costs." The court accepts the settlement makes plaintiff a "prevailing party." (citation omitted). N.J.S.A. 59:9-5 is also asserted as

---

[1] Plaintiff has not appealed from the March 25, 2022 order enforcing the settlement.

A-0046-22

authority. This is also rejected. This is a personal injury case and the statute is discretionary.

Finally, plaintiff and counsel entered into a retainer agreement which provided that counsel would receive [twenty-five percent] of the outcome. No mention was made of seeking counsel fees other than that. Counsel is bound to the terms of that contract therefore.

On appeal, plaintiff argues the judge erred in denying attorney's fees under 42 U.S.C. § 1983 despite acknowledging the pleadings did not "expressly" allege a violation of her civil rights. Plaintiff contends the facts in her complaint and amended complaint established a violation of her civil rights under state and federal law. Further, she asserts the New Jersey Court Rules do not require her to identify every item of relief sought in her pleadings. Additionally, plaintiff claims the judge erred in denying her request for attorney's fees under N.J.S.A. 59:5-9 of the Tort Claims Act. We reject these arguments.

"[W]e undertake a de novo review when analyzing questions of law raised in an application to approve a fee request." Brunt v. Bd. of Trs., Police & Firemen's Ret. Sys., 455 N.J. Super. 357, 363 (App. Div. 2018). "We afford trial courts 'considerable latitude in resolving fee applications . . . .'" Wear v. Selective Ins. Co., 455 N.J. Super. 440, 459 (App. Div. 2018) (quoting Grow Co. v. Chokshi, 424 N.J. Super. 357, 367 (App. Div. 2012)). We disturb fee determinations "only on the rarest of occasions, and then only because of a clear

4                                                      A-0046-22

abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). "In general, New Jersey disfavors the shifting of attorneys' fees. . . . However, 'a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 385 (2009) (quoting Packard-Bamberger, 167 N.J. at 440).

We first address whether the judge erred in denying plaintiff's motion for attorney's fees because she failed to assert a civil rights violation in her pleadings. She contends she is not required to mention 42 U.S.C. § 1983 or § 1988 in her pleadings or discovery responses to be entitled to counsel fees. According to plaintiff, her expert opined the MCJDC officers abused their power in violation of New Jersey law and, therefore, she was entitled to attorney's fees under the "liberal[]" standard of § 1983. We disagree.

Plaintiff concedes her complaint and amended complaint failed to specify a claim under 42 U.S.C. § 1983 or § 1988. Despite not referring to either federal statute in her pleadings, plaintiff asserts she alleged sufficient facts to establish a prima facie civil rights violation. According to plaintiff, her pleadings and

discovery responses[2] set forth acts committed by defendants which constituted a violation of her civil rights.

To recover fees under the Civil Rights Attorney's Fees Award Act (Act), 42 U.S.C. § 1988, a plaintiff must plead a state law civil rights claim that mirrors a federal civil rights claim. The Act provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 . . . , the Religious Freedom Restoration Act of 1993 . . . , the Religious Land Use and Institutionalized Persons Act of 2000 . . . , title VI of the Civil Rights Act of 1964 . . . , or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.
>
> [42 U.S.C. § 1988(b).]

---

[2] In responding to defendants' interrogatory requesting, in the event of a claimed violation of a statute, rule, regulation, or ordinance, plaintiff provide a citation to the exact title and section, plaintiff stated "[d]efendants violated N.J.S.A. 2C:12-1 and administrative regulations pertaining to inmates." N.J.S.A. 2C:12-1 is the criminal statute defining assault. Nowhere in the discovery responses did plaintiff cite to any state or federal statutes alleging a violation of her civil rights.

A-0046-22

Neither plaintiff's original nor amended complaint asserted a claim pursuant to any of the provisions identified in the Act. Nor did her pleadings contain any reference to a federal or state civil rights statute, law, rule, or other basis to support a claim for counsel fees. Even plaintiff's discovery responses failed to reference a statutory basis for alleging a violation of her civil rights. Plaintiff had ample opportunity to amend her pleadings to assert a violation of her civil rights under state or federal law but she failed to do so. As a result, the judge properly exercised his discretion in concluding plaintiff was not entitled to an award of attorney's fees under the Act.

Plaintiff relies on Maynard v. Twp. of Mine Hill, 244 N.J. Super. 298, 299 (App. Div. 1990), in support of her entitlement to attorney's fees. However, that case is distinguishable from the facts in this appeal.

The issue in our published Maynard decision involved a request for prejudgment interest. The published decision included a single sentence referring to our prior unpublished decision to provide the procedural background. In Maynard, we reversed and remanded after concluding the "plaintiff was entitled to attorneys' fees under federal law since his state law claim mirrored a 42 U.S.C.[] §1988 claim." Ibid.

However, plaintiff failed to provide a copy of our prior unpublished Maynard decision as part of her appellate appendix. Had she done so, it would have been evident that the plaintiff in Maynard, unlike plaintiff in this case, actually pleaded a state law claim mirroring a federal claim under § 1988 by alleging the defendants in Maynard "acted under the color of the laws of the State of New Jersey, the United States of America and the Constitution of the United States" and that the defendants "violated plaintiff's 'legal and constitutional rights.'" Maynard v. Twp. of Mine Hill, No. A-4664-87 (App. Div. Mar. 1, 1989) (slip op. at 2).[3] Here, plaintiff never included any similar language in her pleadings to invoke a violation of her constitutional rights under state or federal law.

We next consider plaintiff's argument the New Jersey Court Rules do not require that she plead with specificity the constitutional or statutory bases for her requested relief. Again, we disagree.

Although plaintiff was not obligated to detail legal theories in her pleadings, "the fundament of a cause of action, however inartfully it may be

_____

[3] While Rule 1:36-3 generally precludes reference to unpublished opinions, we may refer to an unpublished decision for case history. See Animal Prot. League of N.J. v. N.J. Dep't of Env't. Prot., 423 N.J. Super. 549, 556 n.2 (App. Div. 2011) (citing Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 1:36-3 (2011)).

A-0046-22

stated, still must be discernable within the four corners of the [pleadings]."

Bauer v. Nesbitt, 198 N.J. 601, 610 (2009) (citing R. 4:5-7). "A thoroughly

deficient complaint—a complaint that completely omits the underlying basis for

relief—cannot be sustained as a matter of fundamental fairness." Ibid.

In reviewing plaintiff's pleadings, there is no specific reference to, nor

even a suggestion of, any civil rights violation. Consequently, plaintiff's

pleadings failed to comply with Rule 4:5-7 by "fairly appris[ing] an adverse

party of the claims and issues to be raised at trial." Ibid. (quoting Dewey v. R.J.

Reynolds Tobacco Co., 121 N.J. 69, 75 (1990)).

Additionally, plaintiff failed to include a request for attorney's fees in her

pleadings. Rather, the relief in the "wherefore" clauses in the complaint and

amended complaint only requested "interest and costs." Because plaintiff failed

to "set[] forth a claim for relief" by requesting attorney's fees consistent with

Rule 4:5-2, we are satisfied her failure supported the judge's denial of the motion

for attorney's fees.

We next consider plaintiff's argument the judge erred in finding she was

not entitled to an award of attorney's fees under N.J.S.A. 59:9-5 of the Tort

Claims Act. She contends she satisfied the statute allowing attorney's fees under

the Tort Claims Act by alleging the MCJDC officers acted outside the scope of

their employment and filing a notice of claim identifying the reasons for imposing liability against the public entities. We disagree.

Here, the judge found plaintiff was a "prevailing party."[4] However, despite finding plaintiff was a prevailing party, the judge, in the exercise of his discretion, declined to award attorney's fees under N.J.S.A. 59:9-5. The statute provides:

> In any action brought against a public entity or a public employee under [the Tort Claims Act], the court may, in its discretion, award a successful claimant (a) costs ordinarily allowable in the private sector (b) expert witness fees not exceeding a total of $100.00 and (c) reasonable attorney's fees; provided however that there shall be no such recovery in any case where damages are awarded for pain and suffering.
>
> [N.J.S.A. 59:9-5.]

The judge declined to award fees because "the statute is discretionary." Given that the judge had discretion to decline to award attorney's fees under N.J.S.A. 59:9-5, we need not address plaintiff's argument the judge erred in identifying her complaint and amended complaint as a personal injury action seeking damages for "pain and suffering."

---

[4] Defendants did not cross-appeal from the judge's order determining plaintiff was a "prevailing party."

Any remaining arguments raised by plaintiff lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0046-22